Sutherland J.
I am clearly of the opinion, that the application must be granted on two of the grounds; 1st, that the assessments on 14 of the lots, greatly exceeded the amounts or sums authorized by the Act of May 14th, 1840 ; 2d, that the assessment list was presented to, and confirmed by only two members of the Board of Revision and Correction, under the Act of April 17th, 1861.
*32 As to the first of these grounds; the Act (May 14th, 1840, 557) expressly declares, that the commissioners or assessors, <£ shall in no case assess any house, ■ lot, improved or unimproved lands, more than one half the value of such house, lot, improved or unimproved land, as valued by the assessors of the ward in which the same shall be situated.”
The proofs conclusively show, that 14 of the lots were assessed nearly three times the amount allowed by this provision of the Statute.
As to the 2d of these grounds ; the proofs conclusively show, that only two members of the Board met and acted ; and I am of the opinion, that I have no right to presume that the third member of the Board, even had notice of the meeting.
I am also of the opinion, that the subsequent formal general approval, when the Recorder was present, of the minutes of the previous meeting, could not, and did not, cure or remedy this defect or irregularity. If or in my opinion is this defect or irregularity cured or remedied by the provision of the Act of 1861, that assessment lists not confirmed within SO days after preséntation, shall be deemed confirmed; the Board- or two of the members of the Board, in this case, having in faot undertaken to Act on, and- to confirm the assessment list. Having so undertaken to act, and to actually confirm, the regularity of the confirmation must be tested by the regularity and force and effect of this action, and pretended actual confirmation.
My conclusion is, that the application to vacate the assessment must be granted.